**Case No. 24-6936**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company,
*Plaintiff-Appellant,*

and

T.A. STUDIO NEW YORK, LLC, a California limited liability company,
*Plaintiff,*

v.

MEGAN ROUP; THE SCULPT SOCIETY, LLC, a California limited liability company,
*Defendants-Appellees.*

_____

*On Appeal from the United States District Court for the Central District of California (Los Angeles),
Case No.* 2:22-cv-04735-PSG-E • *The Honorable Philip S. Gutierrez, District Judge*

## EXCERPTS OF RECORD
### Volume 1 of 3 – Pages 1 to 13

| | |
|---|---|
| STANLEY J. PANIKOWSKI<br>**DLA PIPER LLP (US)**<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Tel: 619.699.2643<br>stanley.panikowski@us.dlapiper.com | GINA DURHAM<br>**DLA PIPER LLP (US)**<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105<br>Tel: 415.836.2506<br>gina.durham@us.dlapiper.com |
| KRISTINA FERNANDEZ MABRIE<br>**DLA PIPER LLP (US)**<br>2000 Ave. of the Stars, Suite 400, N. Tower<br>Los Angeles, CA 90067<br>Tel: 310.595.3136<br>kristina.fernandezmabrie@us.dlapiper.com | *Attorneys for Appellant*<br>*Tracy Anderson Mind and Body, LLC* |



COUNSEL PRESS · (213) 680-2300

PRINTED ON RECYCLED PAPER 

Case 2:22-cv-04735-PSG-E   Document 104   Filed 10/17/24   Page 1 of 3   Page ID #:5611

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company; and T.A. STUDIO NEW YORK LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEGAN ROUP, an individual; and THE SCULPT SOCIETY, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:22-cv-04735-PSG-E<br><br>Hon. Philip S. Gutierrez<br><br>**JUDGMENT IN FAVOR OF DEFENDANTS**<br><br>Action Filed:  July 11, 2022<br>FAC Filed:    Sept. 13, 2022<br>Trial Date:   Nov. 14, 2024 |

JUDGMENT IN FAVOR OF DEFENDANTS

2

Case 2:22-cv-04735-PSG-E    Document 104    Filed 10/17/24    Page 2 of 3    Page ID #:5612

## JUDGMENT

The Court has received, reviewed, and considered Plaintiffs Tracy Anderson Mind and Body, LLC ("TAMB") and T.A. Studio New York LLC and Defendants Megan Roup and The Sculpt Society, LLC's Joint Stipulation For Dismissal with Prejudice of Contract Claim and Request for Entry of Final Judgment (the "Stipulation").

NOW THEREFORE, for good cause shown, the Court hereby GRANTS the Stipulation in its entirety. The Court finds that Plaintiffs' First Amended Complaint (Dkt. 12)—including the claims for (1) Federal Copyright Infringement, 17 U.S.C. §§ 106, 501 ("Copyright Claim"); (2) violation of Lanham Act, 15 U.S.C. § 1125(a) ("Lanham Act Claim"); (3) breach of contract ("Contract Claim"); and (4) Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("Unfair Competition Claim") therein—is hereby DISMISSED WITH PREJUDICE.

It is further ORDERED, ADJUDGED AND DECREED that:

1. The Contract Claim is DISMISSED WITH PREJUDICE per separate agreement of the Parties.

2. JUDGMENT IS ENTERED AGAINST PLAINTIFFS AND IN FAVOR OF EACH OF THE DEFENDANTS as to the Copyright Claim, Lanham Act claim, and Unfair Competition Claim

3. Plaintiffs reserve the right to appeal this Final Judgment only as to TAMB's Copyright Claim and will not challenge the disposition of the other claims.

4. The Court shall maintain jurisdiction over the Parties to enforce any terms of the Parties' separate agreement, as may become necessary.

5. There being no just reason for delay, the Court, in the interests of

///

///

1
[JUDGMENT IN FAVOR OF DEFENDANTS

Case 2:22-cv-04735-PSG-E   Document 104   Filed 10/17/24   Page 3 of 3   Page ID #:5613

1 | justice, expressly directs the Clerk of the Court to enter this Judgment, and hereby
2 | decrees that, upon entry, it shall be deemed a Final Judgment.

4 | **IT IS SO ORDERED AND ADJUDGED.**

6 | Dated: October 17, 2024

_____
Hon. Philip S. Gutierrez
United States District Judge

2
JUDGMENT IN FAVOR OF DEFENDANTS

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):    Order GRANTING in part and DENYING in part Defendants' motion for summary judgment.**

Before the Court is Defendants Megan Roup ("Roup") and The Sculpt Society, LLC's ("TSS") (collectively, "Defendants") motion for full or partial summary judgment. *See* Dkt. # 69-1 ("*Mot.*").[1] Plaintiffs Tracy Anderson Mind and Body, LLC ("TAMB") and Tracy Anderson Studio New York, LLC ("TANY") (collectively, "Plaintiffs") opposed, *see* Dkt. # 91 ("*Opp.*"), and Defendants replied, *see* Dkt. # 94 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving, opposing, and reply papers, the Court **GRANTS in part and DENIES in part** Defendants' motion for summary judgment.

I.   Background

Tracy Anderson ("Anderson") developed the Tracy Anderson Method ("TA Method")—routines combining choreography, fitness, and cardiovascular movement—after decades of research, development, testing, and investment. *See Response to Statement of Genuine Disputes of Material Fact*, Dkt. # 97 ("*SUF Reply*"), ¶¶ 1, 5–6.[2] Anderson is the

---

[1] The Court cites the unredacted version of the motion, but the original filing can be found at Docket Entry Number 70.

[2] Defendants failed to file a sealed version of their reply to the statement of uncontroverted facts. However, nearly all the redactions were made by Plaintiffs in their opposition to the statement of genuine disputes of fact, and almost no redactions were in Defendant's replies to them. As a result, the Court uses Plaintiffs' sealed opposition to the statement of genuine disputes of fact to fill in the redactions, which can be found at Docket Entry Number 91-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

founder and CEO of TAMB, *id.* ¶ 70, which is the parent company to numerous exercise studio entities, including TANY, *id.* ¶ 71. TAMB is the alleged owner of various registered copyrights in the "TA Works,"[3] which are nineteen "DVDs created by and featuring Anderson, that express, relate to, or are based on the TA Method." *Id.* ¶ 2; *see also id.* ¶¶ 13–23 (describing each of the DVDs); *id.* ¶¶ 75–77.

In from 2011 to 2017, TANY employed Roup as a trainer. *See id.* ¶ 82. Roup signed a Trainer Agreement upon employment. *See id.* ¶ 43. The Trainer Agreement contained a provision concerning "Confidential Information," which stated:

> During your employment and following any termination thereof . . . you shall not use or disclose any confidential or proprietary trade secrets, customer and clients lists, drawings, designs, marketing plans, sales scripts, training materials or methods (including, but not limited to, workouts, movements, exercise routines, exercise formulas, nutrition advice, content, sequences, prescriptions, dances, muscular structure work and equipment), CRM methods, management organization information . . . , operating policies and manuals, business plans, financial records, or other financial, commercial, business or technical information (x) that relate to the Company or any of its affiliates; or (y) that the Company or any of its affiliates has received that belongs to clients or others who do business with the Company or any of its affiliates (collectively "Confidential Information") to any third Person [], unless such confidential Information has been previously disclosed to the public generally or is in the public domain . . . .

*Id.* ¶ 46. During Roup's six years of employment with TANY, she had access to TAMB's employee handbook, class descriptions, scheduling and payroll policy, trainer appearance standards, trader code of conduct, trainer custom duties, trainer illness and injury policy, trainer job description, trainer cueing protocol, client lists and folders, write-ups containing choreography routines with detailed descriptions of how to perform each movement, and videos of the routines. *Id.* ¶¶ 84, 86, 92, 95–96.

Two weeks after terminating her employment with TANY in February 2017, Roup sent emails to potential clients—including to clients of TANY—announcing her development of

---

[3] The parties dispute whether TAMB is the owner of the copyrights, but this is immaterial for the Court's later analysis. And because the Court does not assess the ownership of these copyrights, the Court **DENIES** Defendants' request for judicial notice of their certificates. *See Compendium of Exhibits*, Dkt. # 69-3, Ex. 18; *Request for Judicial Admission*, Dkt. # 70-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

TSS, another choreography-based dance cardio workout. *Id.* ¶¶ 105–106, 108–12. And in March 2017, Roup announced on social media her launch of TSS. *Id.* ¶¶ 102–03. The gym, Equinox, licensed TSS from Roup, and while working with Equinox, Roup prepared an instructor training manual for TSS, *id.* ¶¶ 113–15, which Plaintiffs allege included much of the same information contained in TANY's confidential training materials, *Opp.* 5:16–19.

In July 2022, Plaintiffs filed this action, seeking damages and injunctive relief for copyright infringement, breach of contract, violation of the Lanham Act, and unfair competition. *See First Amended Complaint*, Dkt. # 12 ("*FAC*"), ¶ 10. The Court dismissed Plaintiffs' Lanham Act and UCL claims with prejudice for failure to amend claims pursuant to the Court's prior order. *See generally Dismissal Order*, Dkt. # 31. Defendants now move for summary judgment on Plaintiffs' remaining copyright and breach of contract claims as well as on Defendants' fifth affirmative defense which asserts that the Trainer Agreement's "Confidential Information" covenant is unenforceable for violating California Business & Professions Code § 16600. *See generally Mot.*; *Amended Answer*, Dkt. # 25.

II.    Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

### III. Evidentiary Objections

The parties assert several evidentiary objections and responses along with their briefings. *See generally* Dkts. # 85, 95, 96. "When determining a motion for summary judgment, the court may only consider evidence admissible at trial, though the form may be different at the summary judgment stage." *Godinez v. Alta-Dena Certified Dairy, LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). To the extent that the Court relies on objected-to evidence, it relies on only admissible evidence and, therefore, **OVERRULES** the objections. *See Godinez*, 2016 WL 6915509, at *3.

### IV. Discussion

#### A. Copyright Claim

TAMB's copyright claim asserts that Defendants have infringed on the copyrights TAMB has in the TA Works DVDs. *FAC* ¶¶ 50–56. "Specifically, Defendants' videos copy the choreography, movements, sequences, and routines from the TA Works." *Id.* Plaintiffs are not arguing that Defendants copied the DVDs themselves, but the underlying routines that are captured in the footage. Plaintiffs believe that the copyrights in the DVDs extend to the routines. To prevail on a claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019). Defendants do not dispute the similarity between Anderson's and Roup's exercise dance routines, *see generally Mot.*; *Opp.* 2:26–28, but argue that TAMB cannot prove its copyright claim because (1) Anderson's underlying exercises in the TA Works are noncopyrightable under *Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032 (9th Cir. 2015); (2) her exercises are not protectable choreography; and (3) TAMB has failed to establish it is the copyright owner. *See generally Mot.* Plaintiffs respond that (1) the routines are protectable choreography under *Hanagami v. Epic Games, Inc.*, 85 F.4th 931 (9th Cir. 2023) even if they also double as exercise; (2) the copyrights of the TA Works cover Anderson's choreography in the DVDs; and (3) TAMB enjoys a presumption of ownership of the copyrights. *See generally Opp.*

Case 2:22-cv-04735-PSG-E   Document 100   Filed 06/12/24   Page 5 of 9   Page ID #:5591

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

The Court will first address whether Anderson's choreographed exercises are copyrightable under *Bikram* and *Hanagami*. Section 102(a) of the Copyright Act of 1976 sets forth the proper subjects of copyright protection. 17 U.S.C. § 102(a). Section 102(b) expressly denies protection for "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b). "Section 102(b) codifies the 'idea/expression dichotomy,' under which 'every idea, theory, and fact in a copyrighted work becomes instantly available for public exploitation at the moment of publication.'" *Bikram*, 803 F.3d at 1037 (quoting *Golan v. Holder*, 565 U.S. 302, 328 (2012)).

In *Bikram*, Bikram Choudhury developed and popularized the "Sequence," a series of twenty-six yoga poses and two breathing exercises. 803 F.3d at 1035–36. He published a book that included descriptions, photographs, and drawings of the Sequence. *Id.* After the two defendants participated in his yoga teacher training course and then started a competing company that used the Sequence in its yoga classes, Choudhury sued for copyright infringement. *Id.* at 1036. The Ninth Circuit held that the Sequence was "a system designed to yield physical benefits and a sense of well-being," and a "healing methodology is not eligible for protection by copyright." *Id.* at 1040. As a result, the copyright protected "only the expression of this idea—the words and pictures used to describe the Sequence—and not the idea of the Sequence itself." *Id.* at 1036. In other words, Choudhury's copyright in his book did not extend to protect the Sequence itself.

Plaintiffs argue that *Hanagami*, and not *Bikram*, controls in this case, *see Opp.* 9:6–16, but the Court does not find the two opinions to be in conflict. In *Hanagami*, the Ninth Circuit clarified what "choreography" entails under the Copyright Act by adopting the U.S. Copyright Office's definition of choreography from Compendium 11. *See* 85 F.4th at 938–40. The Ninth Circuit emphasized that the "Compendium does not draw a bright line distinction between copyrightable choreography and uncopyrightable dance; instead, there is a continuum on which many works fall somewhere in between." *Id.* (cleaned up). Plaintiffs point to this language and argue that Anderson's routines are properly understood as a choreographed dance and where they fall on the continuum is a question of fact for a jury. *Opp.* 11:19–26.

But the Ninth Circuit in *Hanagami* acknowledged that in *Bikram* it "did not need to decide 'whether to adopt the Copyright Office's definition of "choreographic work" or fashion another on our own' because 'even if the Sequence could fit within some colloquial definitions of dance or choreography, it would remain a process ineligible for copyright protection.'" 85 F.4th at 940 (quoting *Bikram*, 803 F.3d at 1044) (cleaned up). Taken together, *Hanagami* and *Bikram* set up a two-step analysis: A plaintiff must (1) first establish that the work is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

copyrightable expression—as opposed to an idea, process, or system to which copyright protection may "[i]n no case" extend, 17 U.S.C. § 102(b)—and then (2) if the work is copyrightable, show that the dance rises to the level of protectable "choreography" under the Copyright Act. *See, e.g.*, *Bikram*, 803 F.3d at 1036 ("Because the Sequence is an unprotectable idea, it is also ineligible for copyright protection as a 'compilation' or 'choreographic work.'"). Thus, Plaintiffs must still establish that the routines are a copyrightable expression before reaching the question of where on the dance-choreography continuum Anderson's routines fall.

The Court finds that Anderson's routines are clearly an unprotectable process, system, and/or methodology. Courts have found that "exercises, while undoubtedly the product of much time and effort, are, at bottom, simply a process for achieving increased consciousness. Such processes, even if original, cannot be protected by copyright." *Bikram*, 803 F.3d at 1038 (quoting *Palmer v. Braun*, 287 F.3d 1325, 1334 (11th Cir. 2002)); *see also* U.S. Copyright Office, Circular 52: Copyright Registration of Choreography and Pantomime at 4 (excluding from copyrightable subject matter "a complicated routine consisting of classical ballet positions or other types of dance movements intended for use in a fitness class"); Registration of Claims to Copyright, 77 Fed. Reg. 37607 (June 22, 2012) ("Exercise is not a category of authorship in section 102 and thus a compilation of exercises would not be copyrightable subject matter."). And the undisputed evidence, here, establishes that Anderson's routines are fundamentally a system or method of exercise.

For instance, Anderson's routines are explicitly called a "method"—the TA Method—and a "protocol," *SUF Reply* ¶ 7; *see also id.* ¶ 11 ("Tracy Anderson's Instagram account biography states that the TA Method is a 'researched and results-proven fitness methodology.'"), and methods are explicitly precluded from protection under § 102. The TA Method was the result of years of scientific research, testing, and development. *Id.* ¶¶ 5–7. Indeed, the TA Method is marketed as a "researched and result-proven fitness methodology" and "fitness program designed for strategic muscle design." *Id.* ¶¶ 11–12; *see also id.* ¶ 10 (listing quotes from Anderson's website about how her "method" can transform people's bodies); *Bikram*, 803 F.3d at 1038 (using the fact that the Sequence the result of many years of research and verification as a factor for determining it is an unprotectable system). TAMB is a company operating in the wellness industry, *SUF Reply* ¶ 9, revealing that its purpose is not art or expression, but health and fitness. The descriptions and marketing of the TA Works DVDs list the physical benefits they seek to confer on the purchaser. *Id.* ¶¶ 13–23. All of these undisputed facts prove that the TA Method is in fact a method or system that was designed for the purpose of improving client's fitness and health. The TA method is nearly identical in this way to the Sequence in *Bikram*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

Plaintiffs do not dispute that the TA Method confers health benefits, tones muscles, improves cardiovascular health, or otherwise constitutes exercise. *See Opp.* 15:4–7. Instead, Plaintiffs argue that while the TA Method confers health and exercise benefits, so does every other form of protectable choreography. Plaintiffs' argument, however, fails to acknowledge that they still must provide evidence to meet the first step of the analysis—that the TA Method is copyrightable—before assessing whether it is protectable choreography. Even if there is choreography, if the TA Method is a method, process, or system, it cannot be copyrightable. *See Bikram*, 803 F.3d at 1044 ("[E]ven if the Sequence could fit within some colloquial definitions of dance or choreography, it would remain a process ineligible for copyright protection."); *id.* (finding that while "the Sequence may produce spiritual and psychological benefits" it is "no less an idea, system, or process and no more amenable to copyright protection"). Plaintiffs also point out that the copyrightability of a work is based on how the expression in the work can be perceived, not "how or why" the work was designed. *Opp.* 16:3–10. Yet Plaintiffs provide no evidence that anyone perceives or understands the TA Method to be a performance art or anything other than an exercise routine. *See Opp.* 16:3–25.

As a result, no reasonable juror could find that the TA Method is not a method, process, or system unprotected by § 102. And because the TA Method is uncopyrightable, the Court need not reach the issues of whether the TA Method could be considered choreography and if TAMB actually owns the copyrights. Without a genuine dispute of fact, the Court **GRANTS** summary judgment as to Plaintiffs' copyright claim.

    B. <u>Breach of Contract Claim & Fifth Affirmative Defense</u>

Plaintiffs' breach of contract claim asserts that Roup breached her Trainer Agreement with TANY by disclosing confidential information related to customers, operations, program structure, customer intake methods, and employees to third parties, including employees, affiliates, and/or customers of TSS. *FAC* ¶ 68; *Opp.*17:28–18:3 ("TANY's breach of contract claim is based on the fact that Roup was exposed to and received a substantial amount of Plaintiffs' Confidential Information during her six-year tenure at TANY and used that information to build her business."). Under California law, the elements of a claim for breach of contract are: (1) the existence of a contract; (2) a plaintiff's performance or excuse for nonperformance; (3) a defendant's breach; and (4) damages to the plaintiff. *Stewart v. Life Ins. Co. of North America*, 388 F. Supp. 2d 1138, 1140 (E.D. Cal. 2005) (citing *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). The only question before the Court concerns the breach element: whether there is any evidence that Roup took information—and that information was confidential—in violation of the "Confidential Information" covenant of the Trainer Agreement. *See Mot.* 15:17–22; *Opp.* 18:9–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

Plaintiffs point to three categories of confidential information that Roup allegedly took: (1) client information, *Opp.* 19:3–20:4; (2) training manuals, *id.* 20:5–21:2; and (3) the process for conveying choreography, *id.* 21:3–22:20. The Court finds that Plaintiffs have proffered sufficient evidence to create a dispute of fact as to client information:[4]

It is undisputed that during her tenure at TANY, Roup received information about TANY's clients, including custom programming for clients, via her email or access to physical folders at the studio. *SUF Reply* ¶¶ 95–96. Client folders and communications about client programming are not disclosed to the public because they often contain sensitive personal information including about the individual's body and preferences to get the client comfortable. *Id.* ¶ 96. Roup emailed several of these clients after she left TANY, announcing that she was starting TSS. *Id.* ¶¶ 108–12; *id.* ¶ 109 (showing that Roup emailed TANY clients "I recently left Tracy Anderson to focus on building something that I know you'll love"). Defendants have conceded that Roup would not have had access to these clients or their contact information but for her time at TANY. *Id.* This evidence creates a dispute of fact as to whether the client information constitutes confidential information and whether Roup used it, causing a breach. *See StrikePoint Trading, LLC v. Sabolyk*, No. SACV 07-1073 DOC (MLGx), 2008 WL 11334084, at *7 (C.D. Cal. Dec. 22, 2008) ("[W]here the employer has expended time and effort identifying customers with particular needs or characteristics, courts will prohibit former employees from using this information to capture a share of the market . . . . As a general principle, the more difficult information is to obtain, and the more time and resources expended by an employer, the more likely a court will find such information constitutes a trade secret.").

Because the evidence regarding client information is sufficient to create a dispute of fact as to whether Roup violated the "Confidential Information" covenant of her Trainer Agreement, the Court need not evaluate the other categories of allegedly taken information. Additionally, Defendants' affirmative defense—that the "Confidential Information" covenant violates California's Business and Professions Code § 16600 because Anderson is enforcing it in an oppressive manner—cannot be summarily adjudicated for the same reasons. Defendants' fifth

---

[4] Defendants assert in the statement of undisputed facts that Plaintiffs have conceded that their breach claim is not based on the solicitation of TANY clients. *See, e.g.*, *SUF Reply* ¶¶ 108–12. They point to Plaintiffs' interrogatory responses, *see Bach Decl.*, Ex. 16, but the Court finds that Plaintiffs specifically identify "customer lists" as confidential information Roup had access to. While Plaintiffs gave more detail about Roup using "the same cueing, writeups, and video technique to communicate routines to her trainers," *id.*, the Court does not read this as an admission that Plaintiffs' breach claim does not include the use of confidential client information.

Case 2:22-cv-04735-PSG-E   Document 100   Filed 06/12/24   Page 9 of 9   Page ID #:5595

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-04735 PSG (E) | Date | June 12, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC *et al.* v. Megan Roup *et al.* | | |

affirmative defense primarily argues that Plaintiffs' enforcement of the "Confidential Information" covenant as it applies to trainer materials and cueing protocol is a substantial restraint of trade. *See Mot.* 17:1–18:23. Defendants do not argue, however, that it would be a violation of § 16600 to restrict Roup's use of TANY's confidential client information. As a result, there still remains a dispute of fact as to Defendants' fifth affirmative defense, too. Accordingly, the Court **DENIES** summary judgment on Plaintiffs' breach of contract claim and Defendants' fifth affirmative defense.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiffs' copyright claim, but **DENIES** summary judgment on Plaintiffs' breach of contract claim and Defendants' fifth affirmative defense.

**IT IS SO ORDERED.**